the plaintiff then and there furnished the material necessary in said work and incident thereto upon the like request," and that "the agreed price and reasonable value of said services performed and material furnished was $142.44." The answer of the defendant denies these allegations, and upon the trial, after the plaintiff had testified to the facts above alleged, the defendant offered to prove that the plaintiff had previously put in the heating apparatus under a contract which provided that it should produce 70 degrees of heat in zero weather, that the apparatus failed to develop this degree of heat, and that the work performed by the plaintiff was done for the purpose of bringing the apparatus up to the requirements of the original contract. This evidence was rejected by the learned court, and upon plaintiff's motion a verdict was directed; the defendant seasonably objecting, and taking exceptions to the rulings.

We believe the rule is too well settled to require elaborate discussion at this time that under a general denial the defendant may prove any state of facts which tends to show that the facts alleged and proved by the plaintiff in support of his cause are not true, or, to quote the language of the court in Griffin v. Long Island R. R. Co., 101 N. Y. 348, 354, 4 N. E. 740, 742:

"Under our system of practice, and under every rational, logical system of pleading, the defendant must, under a general denial, be permitted to controvert by evidence everything which the plaintiff is bound in the first instance to prove to make out his cause of action." Milbank v. Jones, 141 N. Y. 340, 345, 36 N. E. 388, 390.

Evidence that the plaintiff performed this work for the purpose of fulfilling his original contract completely disproved the cause of action set up by the plaintiff, and it was error to exclude the evidence.

Judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(121 App. Div. 714.)

### RICE v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 8, 1907.)

DEATH—EXCESSIVE DAMAGES.

    Under Code Civ. Proc. § 1904, limiting the recovery in an action for negligent death to just compensation for the pecuniary injury to decedent's next of kin, in such an action a verdict for more than $2,500 was excessive, where defendant was only liable for the damage to decedent's mother, who resides abroad, and the evidence as to what he paid towards her support was indefinite.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, §§ 125–130.]

Appeal from Trial Term.

Action by Margaret Rice, administratrix, against the Interurban Street Railway Company for negligent death. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered, unless plaintiff stipulates to reduce recovery, in which case judgment will be modified, and order affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

Bayard H. Ames, for appellant.

M. L. Malevinsky, for respondent.

INGRAHAM, J. We think that upon the evidence the case was properly submitted to the jury, both as to the defendant's negligence and the deceased's freedom from contributory negligence, and that no error was committed which would justify a reversal of the judgment. While upon the record we would have been better satisfied if the verdict had been for the defendant, and would not have interfered if the learned trial justice had set aside the verdict as against the weight of evidence, we do not think that the evidence preponderates so strongly in favor of the defendant as to justify us in granting a new trial upon that ground.

We think, however, that the verdict is excessive. The recovery under section 1904 of the Code of Civil Procedure was limited to a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action is brought, viz., the next of kin of the decedent. The decedent was unmarried, leaving a mother, a resident of Ireland, his next of kin; and it was only the damage sustained by the mother of the decedent, caused by his death, for which the defendant was liable. The evidence of what the decedent had paid towards the support of his mother was quite indefinite, and the jury evidently were under the impression that they could award compensation to the decedent's sisters.

Our conclusion is that the recovery should not exceed $2,500, and the judgment and order will therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the recovery to that amount, in which case the judgment, as so modified, and the order appealed from, will be affirmed, without costs. All concur.

---

(55 Misc. Rep. 158.)

### In re FEENEY'S WILL.

(Surrogate's Court, Kings County. June, 1907.)

WILLS—COMPETENCY OF TESTATOR—EVIDENCE.

Where a will was drafted under the direction of a reputable attorney, and he testifies as to the character of the testator, and as to the instructions given him in preparing the will, and is corroborated in those respects by other witnesses, the will will be admitted to probate over the objection that by use of intoxicating liquors testator was incompetent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 145.]